IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFF COLLINS :<br><br>Plaintiff, :<br><br>v. :<br><br>CITY OF PITTSBURGH, CHIEF OF :<br>POLICE NATHAN HARPER, OFFICER :<br>FREEMAN, OFFICER SHANAHAN and :<br>OFFICER ROSETTA :<br><br>Defendants, : | CIVIL ACTION No.  10cv00702 |

## ANSWER, AFFIRMATIVE DEFENSES AND INDEMNIFICATION CLAIM

And Now, come the Defendants, Ben Freeman, Frank Rosato and Stephen Shanahan, by their attorney, Bryan Campbell, Esquire, and file an Answer of which the following is a statement thereof:

1       Admitted.

2.      Admitted.

3.      Admitted in part.  It is denied City of Pittsburgh police officers use their power and authority to retaliate against citizens on account of free speech, make false arrests, use excessive force or file false and malicious criminal charges.  It is denied the custom, policy or practice set forth in paragraph 3 exists.

4.      Admitted.

5.      Admitted.

6.      Admitted.  Defendant's proper name is Rosato.

### Facts

7.      The allegations of paragraph 7 are denied.

8.   Admitted in part. It is denied defendants had no ostensible indicia showing they were Pittsburgh police officers.

9.   Admitted.

10.  Admitted in part. Paragraph 10 does not reflect the nature of plaintiff's comments, in that he did know he was being pursued by police officers,a nd he was being profane.

11.  The allegations of paragraph 11 are denied.

12.  The allegations of paragraph 12 are denied.

13.  The allegations of paragraph 13 are denied.

14.  Admitted.

15.  The allegations of paragraph 15 are denied.

16.  The allegations of paragraph 16 are denied.

17.  Defendants are without sufficient knowledge or belief as to the allegations of paragraph 17, therefore they are denied.

18.  The allegations of paragraph 18 are denied.

19.  The allegations of paragraph 19 are denied.

20.  The allegations of paragraph 20 are denied.

21.  The allegations of paragraph 21 are denied.

Wherefore, defendants deny they are indebted to plaintiff in any sum whatsoever.

## Affirmative Defenses

22.  At all times relevant hereto, defendants acted in good faith and within the scope of their employment as police officers and are entitled to qualified immunity in that they did not violate any clearly established rights possessed by plaintiff.

23.     Defendants had probable cause to arrest plaintiff and any force used was reasonable and necessary and therefore privileged under the provisions of §508 of the Pennsylvania Crimes Code.

24.     Plaintiff's claims are barred by the applicable statute of limitations which is two (2) years.

Wherefore, defendants deny they are indebted to plaintiff in any sum whatsoever.

### **Indemnification Claim**
### **Individual Defendants v. City of Pittsburgh**

25.     Defendants, at all times relevant hereto, acted within the scope of their employment as police officers and in the event of a verdict against any individual defendant then said individual is entitled to be indemnified by the City of Pittsburgh under the provisions of the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 et seq., absent a judicial finding said individual acted with actual malice and/or willful misconduct.

Respectfully submitted,

/s/Bryan Campbell, Esquire
PA I.D. 15079
330 Grant Street, Suite 2620
Pittsburgh, PA 15219
(412) 642-7667