IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFF COLLINS, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 10-702 |
| | ) |
| v. | ) |
| | ) |
| OFFICER FREEMAN, | ) |
| OFFICER SHANAHAN and | ) |
| OFFICER ROSETTA, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S PRETRIAL STATEMENT**

AND NOW comes the Plaintiff, Jeffery Collins, through his undersigned counsel, to present this Pre-Trial Statement, and in support thereof avers the following:

I.   Narrative

On the evening of September 21, 2006, at approximately 5:30 pm, Plaintiff Jeffrey Collins was driving his motorcycle along Fifth Avenue in Oakland when he was pursued by defendants, three plainclothes police officers driving an unmarked Oldsmobile Alero.  Defendants traveled in the wrong direction in the bus lane for several blocks before catching up to Mr. Collins, pulling up beside him at the intersection of Fifth and Craft and yelling, "Pull over, Asshole!"  Defendants did not show their badges or identify themselves as police officers.  As a result, Mr. Collins did not know they were law enforcement officers, assumed it was an incident of road rage, and continued on his way, turning onto Craft Avenue and then onto Forbes Avenue.

The officers pursued him in their unmarked vehicle for another block by driving in the wrong lane down Craft.  Mr. Collins' motorcycle was stopped by traffic on Forbes

and Defendants Freeman and Shanahan caught up to him on foot.  Defendant Rosato joined them shortly after.  The defendants verbally abused Mr. Collins and behaved in an unprofessional manner as they ordered him off of his bike and questioned him.  This was the first point at which they showed badges or identified themselves as police officers.  Mr. Collins complied with all of their demands.  However, due to their unprofessional behavior, he remained unconvinced of their authority and told them so.  The officers were visibly angered by Mr. Collins' failure to acknowledge their authority.  Collins called 911 on his cell phone to verify that the men accosting him were, in fact, law enforcement officers.  They confiscated his phone while he was speaking with the 911 dispatcher, placed him under arrest and handcuffed him.

After he was cuffed, the officers continued to abuse him verbally and physically.  Officer Freeman slapped him several times in the chest and then kicked his knee out from under him, causing him to fall to the ground.  Collins hit his head on the pavement and lost consciousness.  The defendants charged him with DUI, fleeing and eluding and several traffic infractions.  The DUI and fleeing and eluding charges were dismissed by the court.  The traffic violations were not pursued.

Collins was taken from the scene to Mercy Hospital by EMS.  He suffered a seizure en route.  He was admitted to and spent three days in Mercy Hospital, mostly in intensive care.  He also sustained an injury to his knee which required surgery to correct.  He has been diagnosed with post-traumatic stress disorder and post-concussion syndrome.  He continues to suffer both physically and emotionally as a result of the defendants' completely unwarranted assault.

Plaintiff will demonstrate that an objectively reasonable law enforcement officer would not have believed that the force used against him was reasonable in light of the facts and circumstance presented in this case.  Mr. Collins will demonstrate that he complied with the officers' demands once they had identified themselves as police officers and did not commit any act that would have led a reasonable officer at the scene to believe it was necessary to throw him to the ground.  To the contrary, Mr. Collins was reasonably skeptical about the officers' identities based on their reckless, unprofessional, and abusive behavior.  He behaved reasonably in calling 911 to verify their identity.  The officers assaulted Mr. Collins because they were angered by his failure to acknowledge their status and authority as police officers.  Officer Freeman deliberately threw him to the ground, knowing that he was immobilized and unable to break his fall, because he was angry and frustrated with Mr. Collins.

The evidence will show that the defendants' version of events is not credible and, even if credited, cannot justify their use of force against him.  First each defendant's version of the events is inconsistent with the other defendants, and in many instances, inconsistent with their own previous sworn statements.  The defendants' version of events is also inconsistent with Mr. Collins' documented injuries.

Mr. Collins will demonstrate that even under the defendants' version of events, their use of force against him was neither reasonable nor justified by the circumstances. Defendants claim that Collins' refusal to stop on command and failure to acknowledge their status as police officers at the scene was non-compliant and belligerent behavior that justified their use of force against him.  However, the evidence will demonstrate that for a number of reasons, a reasonable, well trained officer could not have believed that

the force used against Collins was reasonable or necessary.  For example,  1) a reasonable plain clothes officer would not have made a traffic stop in the manner used by the defendants, 2) a reasonable plain clothes officer would not have viewed Collins' failure to acknowledge his status as a police officer, especially after having made such a stop, as belligerent or non-compliant behavior, 3) a reasonable officer would have waited for backup to arrive before placing Mr. Collins under arrest and 4) a reasonable officer would not have deliberately thrown a handcuffed suspect to the ground under any circumstances, but particularly where two other officers were immediately available to help restrain him.

## II.     Liability Witness List

A. Intends to Call

1. Jeffrey Collins
   145 Ries Run Rd
   Pittsburgh PA 15237

2. Benjamin Freeman
   c/o City of Pittsburgh Law Department
   313 City-County Building
   414 Grant Street
   Pittsburgh, PA 15219

3. Francesco Rosato
   c/o City of Pittsburgh Law Department
   313 City-County Building
   414 Grant Street
   Pittsburgh, PA 15219

4. Stephen Shanahan
   c/o City of Pittsburgh Law Department
   313 City-County Building
   414 Grant Street
   Pittsburgh, PA 15219

B. May Call

  1. Ken Burns Jr.

    (address to be provided)

  2. Any and all witnesses listed in documents provided by Defendants or the City of Pittsburgh in response to Plaintiff's discovery requests.

  3. Any and all witnesses listed in documents provided by Plaintiff to Defendants in response to Defendants' discovery requests.

.

    Plaintiff reserves the right to amend this list of witnesses up to and including the date of the Pre-Trial Conference and/or to call any witnesses that are listed on the Defendants' Pre-Trial Statement.

### III.  Damage & Expert Witnesses

A. Intend to Call

  1. Jeffrey Collins
    145 Ries Run Rd
    Pittsburgh PA 15237

  2. Dr. John Peters
    209 South Stephanie Street
    Suite B249
    Henderson, NV 89012

  3. Dr. Scott L. Tracy
    235 South Mt. Vernon Avenue
    Uniontown, PA 15401

  4. Dr. Alan H. Klein
    1307 Federal St.,  Second Floor
    Pittsburgh PA 15212

  5. Dr. Ravi Kant
    300Old Pond Rd/
    Suite #201
    Bridgeville, PA 15017

B.     May Call

   1. Cathy Collins
      321 Tadmar Ave
      Pittsburgh, PA 15237

   2. Dennis Collins
      321 Tadmar Ave
      Pittsburgh, PA 15237

   3. Kisty Tioa
      (412) 337-7732
      (address to be provided)

   4. Tammy Greene
      (412) 849 9593
      (address to be provided)


   Plaintiff reserves the right to amend this list of witnesses up to and including the date of the Pre-Trial Conference and/or to call any witnesses that are listed on the Defendants' Pre-Trial Statement.


## IV.     Exhibits

1. Recording of 911 phone call
2. Photos of injuries
3. Mercy Hospital Medical Records
4. Allegheny Orthopedics medical records
5. Deposition of Benjamin Freeman
6. Deposition of Steven Shanahan
7. Deposition of Francesco Rosato
8. Francesco Rosato's statement to OMI
9. Benjamin Freeman's statement to OMI

10. Photographs of the areas where the altercation between Plaintiff and Defendants took place
11. 9-21-06 Subject Resistance Report
12. 9-21-06 Arrest/summons report
13. 9-21-06 Incident report
14. Supplemental report dated 1-15-06
15. City of Pittsburgh Policy 12-6:  Use of Force
16. City of Pittsburgh Policy 12-8:  Continuum of Control
17. 1-24-07 Preliminary Hearing transcript
18. 4-9-07 Order dismissing charges
19. Any and all OMI statements filed against the Defendant officers produced by any defendants in discovery in this case.
20. Pittsburgh Bureau of Police Policy 40-5:  Motor Vehicle Pursuits.
21. Pittsburgh Bureau of Police Policy 40-4:  Motor Vehicle Stops.
22. Medical Bills
23. Lien Letter from Socrates
24. OMI Investigation Report # 181-06

Plaintiff reserves the right to amend this list of exhibits up to and including the date of the Pre-Trial Conference and/or to enter into evidence any exhibits that are listed on the Defendants' Pre-Trial Statement.

V.   <u>Damages</u>

Plaintiff is entitled to reimbursement for his reasonably incurred medical expenses.  See chart below.  Plaintiff is also entitled to compensation for his pain and suffering related to the injuries caused by defendants.  Plaintiff is also entitled to damages for emotional distress, embarrassment and humiliation.  He is also entitled to reimbursement for damage done to his reputation.  These damages will be determined

in accordance with the instruction of the Court and in the discretion of the jury. Likewise, Plaintiff's claim for punitive damages will be determined in accordance with instruction of the Court on those damages and in the discretion of the jury.

| | |
|---|---|
| Medical Lien | $18,341.15 |
| Benz and Grob Family Practice | $40.00 |
| Specialty Surgeons of Pittsburgh | $207.00 |
| Mercy Hospital | $50.00 |
| Allegheny Orthopedic Associates | $20.00 |
| City of Pittsburgh EMS | $35.00 |
| **TOTAL** | **$18,693.15** |

VI.   Legal Issues

Plaintiff is not aware of any legal issues.

VII.   Copies of all expert disclosures

See Attached

VIII.   Copies of physician's reports

See Attached

Respectfully Submitted:

<u>/s/ Timothy P. O'Brien</u>
Timothy P. O'Brien, Esq.
PAID #:  22104

Margaret W. Schuetz, Esquire
PAID #:  200975

Law Office of Timothy P. O'Brien
429 Forbes Ave. Suite 1705
Pittsburgh, PA  15219
(412) 232-4400
mws@obrien-law.net

Attorneys for Plaintiff