IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFF COLLINS,**<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**BEN FREEMAN, ET AL.,**<br>　　　　　Defendants. | Civil Action No. 2:10-CV-702<br><br>Honorable Judge Joy Flowers Conti<br><br>**DEFENDANTS' PRETRIAL STATEMENT**<br><br>**Jury Trial Demanded** |

**DEFENDANTS' PRETRIAL STATEMENT**

AND NOW, come the Defendants, Officers Freeman, Rosato, and Shanahan, by and through undersigned counsel, Bryan Campbell, Esq., and respectfully submit the following Pretrial Statement pursuant to L.Cv.R. 16.1(C):

**Brief Statement of Material Facts to be Presented at Trial**

The Defendants will prove that on the date of Thursday, September 21, 2006, Plaintiff was riding on his Ducati motorcycle at 5:30 p.m. during rush hour traffic on Fifth Avenue in the Oakland neighborhood of the City of Pittsburgh in a reckless and dangerous manner that posed a significant risk of harm to himself, other motorists and pedestrians. The Defendant Officers were patrolling in an unmarked car in plainclothes also in the Oakland neighborhood. After observing Plaintiff commit numerous traffic violations, including splitting the lane, anticipating traffic lights, carelessly changing lanes, and nearly striking a pedestrian, the Officer decided to perform a traffic stop of Plaintiff to prevent injury and further violations. The Officers attempted to get Plaintiff to pull over at the intersection of Craft Avenue and Fifth Avenue by speaking to him out the window and displaying their badges. The Officers did not use any profanity, but rather instructed Plaintiff to pull over his motorcycle. Plaintiff saw the badges and heard the

commands, he then deliberately ignored the commands and drove around the police vehicle in the wrong lane.

The Plaintiff then pulled onto the ramp onto the Boulevard of the Allies. Officers Freeman and Shanahan exited the police vehicle and approached Plaintiff on foot. Upon reaching Plaintiff, the Officer made several attempts to identify themselves as police officers to Plaintiff asked him to turn off the motorcycle. The Plaintiff refused to believe that Defendants Shanahan and Freeman were Pittsburgh Police Officers, even after the Officers showed Plaintiff their identification cards from the City of Pittsburgh Bureau of Police. Defendant Officer Rosato parked the police vehicle and approached the other officers and Plaintiff. Plaintiff also deliberately ignored the commands and requests to turn off and park the motorcycle to allow the Officers to talk to him.

Eventually, Officer Shanahan removed the key from Plaintiff's motorcycle to prevent additional attempts to escape. The Officers helped Plaintiff off his motorcycle and assisted with moving it off the roadway and onto the sidewalk. At some point between Officers Shanahan and Freeman's approach of Plaintiff and the moving of the motorcycle to the sidewalk, Plaintiff called 9-1-1 in attempt to confirm the identification of the officers because he continued to refuse to believe them. Plaintiff even drew Plaintiff's attention to the sirens off in the distance and told him that it was their backup. The officers believed that Plaintiff was under the influence of alcohol or some other control substance due to despite numerous attempts to identify themselves and Plaintiff's slurred speech and failure to listen to and follow the officers' commands.

During this encounter with Plaintiff, it was decided that Plaintiff would be placed under arrest for reckless driving, fleeing and eluding a police officer, resisting arrest, and driving under the influence. Officer Freeman notified Plaintiff that he was under arrest and attempted to

handcuff Plaintiff to place him in custody until the uniformed officers arrived on scene to complete the arrest. Officer Freeman also decided to handcuff Plaintiff because Plaintiff previously fled the officers and believed that any further attempted to flee would pose a danger to the Plaintiff, the Officers, and others due to the heavy rush hour traffic.

During the handcuffing process, Plaintiff tensed up and his second hand had to be forcibly handcuffed. Plaintiff resisted the handcuffs and attempted to pull his second hand around his body to avoid being handcuffed. Plaintiff was then forcibly handcuffed using the minimal force necessary. No other force was used against Plaintiff at this time. Officer Freeman then attempted to perform a brief search for weapons. During this search, Plaintiff continued to attempt to pull away from Officer Freeman and prevent the search. After Plaintiff tried to pull away from Officer Freeman several times, Officer Freeman determined that the only way to prevent Plaintiff from escaping and risk harming himself and the officers was to perform a leg sweep and take Plaintiff to the ground. Plaintiff went to the ground and Officer Freeman fell to the ground with him.

After going to the ground, the Officers discovered that Plaintiff had become unconscious. It is unknown exactly how Plaintiff lost consciousness during the fall. The Officers called an ambulance. Immediately after the fall and the call to the ambulance, the marked vehicles and uniformed officers arrived on the scene. Plaintiff was transported to the hospital and treated for loss of consciousness and seizure like activity. Plaintiff has a history of seizure activity. Plaintiff also has a history of riding motorcycles and sport bikes and this incident was not the cause of Plaintiff's knee injury.

Plaintiff was charged with Resisting Arrest, Use of Improper Class of License, Failure to Stop at a Red Signal, Turning Movements and Required Signals, Improper Passing of a Vehicle

Stopped for Pedestrians, Feeling or Attempting to Elude an Officer, Reckless Driving, and Driving Under the Influence. A District Magistrate Judge held the charges on January 24, 2007. The Motions Court Judge dismissed the charges on April 9, 2007 after Plaintiff filed a Motion for Habeus Corpus. The traffic charges were remanded to the District Magistrate Court, but never prosecuted.

The Defendants will show that they acted in accordance with the law and their training and as a reasonably well-trained police officer under similar circumstances.  The Defendants will show that Plaintiff posed a very serious danger to himself, other motorists and pedestrians in one of the busiest neighborhoods in the City of Pittsburgh.  The Defendants made the decision to stop Plaintiff despite being in an unmarked car because there were no marked units in the immediate area and Plaintiff came within inches of running over a female pedestrian.  The Officers determined pulling Plaintiff over was the best course of action to prevent Plaintiff from harming or killing someone.

The Defendants will show that Plaintiff did not comply with commands but rather continued to ignore and disobey the officers even after they showed him their City of Pittsburgh Police badges and City of Pittsburgh Police identification cards.  The Defendants will show that Plaintiff's testimony is not credible. The Defendants will show that they acted reasonably in light of the circumstances and only used the minimal force necessary to contain Plaintiff and prevent injury and harm to anyone.  The Defendants will show that they did not act inappropriately and Plaintiff's injuries were a direct result of his resisting arrest and failure to comply with the Officers.

**Witnesses**

Liability Witness List

1. Benjamin Freeman
   1203 Western Avenue
   Pittsburgh, PA 15233
   412-323-7800

2. Francesco Rosato
   1203 Western Avenue
   Pittsburgh, PA 15233
   412-323-7800

3. Stephen Shanahan
   1203 Western Avenue
   Pittsburgh, PA 15233
   412-323-7800

4. Tom Broderick
   1203 Western Avenue
   Pittsburgh, PA 15233
   412-323-7800

5. Jeffrey Collins
   145 Reis Run Rd.
   Pittsburgh, PA 15237

Defendants May Call

1. Ken Burns, Jr.
   700 Filbert St.
   Pittsburgh, PA 15232
   412-622-6931

2. Any and all witnesses listed in documents provided by Plaintiff or the City of Pittsburgh in response to discovery requirements.

Defendants reserve the right to amend this list of witnesses up to and including the date of the Pre-Trial Conference and/or to call any witnesses that are listed on the Defendants' Pre-Trial Statement.

<u>Damage and Expert Witnesses</u>

1. David Wright
   1395 Washington Blvd.
   Pittsburgh, PA 15206

    412-298-4313

2.  Jeffrey Collins
    145 Ries Run Rd.
    Pittsburgh, PA 15237

Defendants reserve the right to amend this list of witnesses up to and including the date of the Pre-Trial Conference and/or to call any witnesses that are listed on the Defendants' Pre-Trial Statement.

**List of Exhibits**

1. Criminal History Summary of Plaintiff from OMI

2. Allegheny County Court of Common Pleas Court Summary

3. Commonwealth of Pennsylvania Department of Transportation Bureau of Licensing Letter dated January 23, 2007

4. Memo to File by Detective Christopher Marks for Contact of Brian Cooke

5. Towing Notice

6. Pittsburgh Bureau of Police Order No. 12-8

7. Pittsburgh Bureau of Police Order No. 40-4

8. Pittsburgh Bureau of Police Order No. 40-5

9. Court of Common Pleas of Allegheny County Criminal Docket No. CP-02-CR-0009749-2006

10. Pennsylvania Department of Transportation Bureau of Driver Licensing Certified Driving History of Plaintiff

11. Plaintiff's psychiatric records

12. Letters from Dr. David M. Lobas dated 12/18/2006 and 1/29/2007

13. Mercey Record of Knee Radiology from 9/22/2006

14. Letter from Dr. Richard Kasdan dated 3/31/2008

15. Deposition of Jeffrey Collins

16. Any and all documents provided by Plaintiff or the City of Pittsburgh through discovery.

The Defendants reserve the right to amend this list up to and including the date of the Pre-trial Conference and/or use any of the exhibits listed on Plaintiff's Pre-Trial Statement.

**Legal Issues**

Defendants believe the following legal issues must be addressed including, but not limited to:

1. Admissibility of prior complaints to OMI against Defendants, due to the prejudicial nature of these documents and inadmissibility as character evidence.

2. Admissibility of Plaintiff's actions and where they took place, prior to the Defendants' stop of Plaintiff, as these actions are necessary to establish the circumstances surrounding the force used against Plaintiff.

3. Admissibility of Plaintiff's photographs as these are not time-stamped, dated or authenticated.

4. Limitations of Plaintiff's expert Peters's testimony based on ruling in Daubert hearing and narrowing of issues.

**Copies of all expert disclosures**

See attached Expert Report of David Wright

Respectfully Submitted,

*/s/ Bryan Campbell*
Bryan Campbell, Esq.
Pa. ID # 15079

                                              Attorney for Defendants Freeman, Rosato,
and Shanahan
330 Grant St., Suite 2620
Pittsburgh, PA 15219
412-462-7667

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2013, I served the foregoing Defendant Officers Rosato, Shanahan and Freeman's Pretrial Statement to Counsel representing the Plaintiff via CM/ECF Filing System:

Margaret Schuetz, Esq.
Timothy O'Brien, Esq.
1705 Allegheny Building
429 Forbes Ave.
Pittsburgh, PA 15219

                 */s/ Bryan Campbell, Esq.*
                 Bryan Campbell, Esq.